**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| LIDIYA PASHOLIKOVA,<br>　　　　Plaintiff,<br><br>　　　　v.<br><br>THE SIMON COMPANIES, et al.,<br>　　　　Defendant. | Civil Action No.<br>17-10632-NMG |

**ORDER**

**GORTON, J.**

In this action, <u>pro</u> <u>se</u> litigant Lidiya Pasholikova claims that she was unlawfully evicted from public housing in Lynn, Massachusetts. For the reasons stated below, the Court will order that this action be dismissed for lack of jurisdiction.

In a memorandum and order dated August 16, 2017 (Dkt. No. 6), the Court granted Pasholikova's motion for leave to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and directed her to file an amended complaint. The Court explained that Pasholikova's complaint did not meet the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. The Court also stated that, under the <u>Rooker-Feldman</u> doctrine, the Court is without jurisdiction to adjudicate any claim seeking rejection and reversal of the state housing court decision permitting her eviction.

Pasholikova's amended complaint (Dkt. No. 18) provides a clearer picture of the factual basis of her claim that she was illegally evicted. However, she does not address the jurisdictional impediment to maintaining this action in federal court. In a 2015 summary process proceeding against Pasholikova,

the Commonwealth's Northeast Housing Court awarded judgment in favor of the Simon Companies, the management firm for the building in which Pasholikova lived.  See Simon Cos. v. Pasholikova, 15H77SP000300[1] (N.E. Hous. Ct. Mass.).  In now claiming that the her eviction was illegal, Pasholikova is asking this Court to review and reject the decision of that state court. As the Court has already explained, under the Rooker-Feldman doctrine, it is without jurisdiction to do so.  See, e.g., Allen v. IRMCO Mgmt. Co., 420 Fed. Appx 597 (7th Cir. 2011) (Rooker-Feldman barred lawsuit for discriminatory eviction, even where tenant had not raised allegations of unlawful discrimination in state court eviction proceeding).

Accordingly, this action is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

**So ordered.**

  /s/ Nathaniel M. Gorton  
Nathaniel M. Gorton  
United States District Judge

Dated: June 25, 2018

---

[1]The docket of this action is publically available by visiting the web site https://www.masscourts.org/eservices (last visited June 4, 2018).